Larry Eugene BROWN, Appellant,

v.

STATE of Indiana, Appellee.

No. 283S35.

Supreme Court of Indiana.

Oct. 1, 1984.

John F. Surbeck, Jr., Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Richard E. Hagenmaier, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Larry Eugene Brown, defendant below, was convicted in a trial by jury of robbery, a class A felony. The court increased the presumptive sentence by ten (10) years, thereby imposing a term of imprisonment of forty (40) years. In this direct appeal, he raises the following issues: (1) sufficiency of evidence of identity, (2) the propriety of the refusal to give the defense instruction regarding evidence of identity, and (3) the propriety of the sentence.

The gist of this case is that two armed men entered the warehouse of Maloley's bakery in Fort Wayne at midnight on October 8, 1981. They proceeded to the office where one began poking one of the employees there, demanding money. Another employee present started to get up out of his chair and was shot. The two armed men then took cash from a billfold of one of the victims and from a box stored in a cabinet in an adjacent room, and then left the office. As they exited the warehouse, they passed two other employees, both of whom were acquainted with appellant through school and neighborhood basketball, who recognized them. The employees from the office as well as the other two who had recognized appellant, pointed out appellant at trial as one of the robbers.

■ 1. The contention is first made that the evidence serving to identify appellant as one of the perpetrators of this robbery was wholly insufficient to support the verdict. In resolving this question we do not weigh the evidence nor resolve questions of credibility, but look exclusively to the evidence and reasonable inferences therefrom which support the verdict.

Smith v. State, (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed, if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. Glover v. State, (1970) 253 Ind. 536, 255 N.E.2d 657.

At trial the two employees from the office as well as the other two employees pointed out appellant as one of the two robbers. In support of the insufficiency claim, it is pointed out that the two employees from the office were unable after the robbery to point out a photograph of appellant from an array in which it had been included and in fact did not identify him at all until the time of the trial, ten months later. It is also pointed out that the other two employees claimed for two weeks following the robbery that they knew nothing about the perpetrators, before identifying appellant from a photo array. There was also a discrepancy in the assessment by the employees from the office of the duration of the confrontation with the robbers.

■ It may be, as suggested by the State in its brief, that the trier of fact attributed the above cited inabilities of the employees from the office to the vagaries of identification by photograph and credited the in-court identifications of the other two employees because of their explanations that at first they were reluctant to identify appellant because they were afraid and did not want to get involved. Regardless of the manner in which the jury in fact dealt with these factors which tended to weaken the proof, they bore upon the weight and credit to be given the State's case, and were thus for consideration of the jury and the trial court, and do not establish the insufficiency of evidence on appeal of identity. In sum the support marshalled for the appellate claim of insufficiency of evidence merely asks this court to substitute a different complex of factual inferences for those inferences qualifying as reasonable inferences supporting the verdict. The evidence of identity was clearly sufficient.

2. Appellant tendered an instruction which directed the jury to consider eyewitness identification testimony with caution and set forth numerous factors that a jury should take into account in weighing such testimony. The court did give general instructions, both preliminary and final, regarding the manner of weighing the testimony. Included were such factors as the means the witness had to gain the knowledge of matters testified about. Indiana law, unlike federal law upon which appellant's instruction was based, is distinctly biased against jury instructions which single out eyewitness identification testimony. *Wooten v. State*, (1981) Ind. App., 418 N.E.2d 538. The vagaries of eyewitness testimony are aptly brought before the jury for consideration by general instructions on the proper manner of weighing testimony, and by the opportunity for inclusion of that subject within the final summation of counsel. It was not error to refuse appellant's special instruction.

3. The sentencing court added ten (10) years to the presumptive thirty (30) year sentence. In explanation of this action the trial court stated for the record that 1) the victim was shot without any reason, 2) appellant is dangerous when armed and running free, and 3) he has no regard for human life. An appellate challenge to this sentence is based upon two premises, first that elements of proof required to establish the charged crime, such as the use of a weapon and injury to the victim, alone are insufficient as a legal basis for enhancement, and second, that the record is insufficient to show that the trial court was guided by the statutory criteria for sentencing. The first premise is not valid because the sentencing criteria set by statute expressly require the judge to consider the particular nature and circumstances of the crime. *McNew v. State*, (1979) 271 Ind. 214, 391 N.E.2d 607. (Prentice, J. dissenting). The proof at trial is a prime source of useful information for that purpose. The second premise is invalid because the judge's statements clearly reveal a process of evaluating a defendant's character and the particular manner in which he committed the crime, each being specific sentencing criteria. We find that the record statement discloses a valid sentencing process, and as a result, not manifestly unreasonable.

The conviction is therefore affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.