Robert Lewis FLYNN, Appellant,

v.

STATE of Indiana, Appellee.

No. 1085S413.

Supreme Court of Indiana.

June 27, 1986.

William D. McCarty, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with two separate armed robberies in a single information. Appellant's motion to separate was granted. Count I was tried first and resulted in an acquittal. A jury trial on Count II resulted in a finding of guilty of Robbery, a Class B felony. The trial court increased the presumptive sentence of ten (10) years to twenty (20) years upon a finding of aggravating circumstances.

The facts are: On November 5, 1985, Glen Brady and Phyllis Thompson were working as attendants at the LePaul Service Station located on State Road 67 between Anderson and Pendleton, Indiana. At approximately 6:30 p.m., appellant entered the station, produced a .25 caliber automatic pistol and demanded all station proceeds from the attendants. He further told them he would shoot them if any customers came into the station. He then forced them to walk outside the station with their backs to him and he disappeared while they were so positioned.

Each attendant gave a detailed description of appellant to the police. A neighbor gave the police the license number of the getaway car, which matched the number given to the police by Brady. Police were also led to appellant as a result of information provided by Robert Carney who was in appellant's parked car in the driveway of the service station. He stated that on appellant's return to the car he was carrying a .25 caliber pistol and had money in his hands. Appellant's arrest followed the above information.

■ Appellant claims his right to a speedy trial was violated. On January 16, 1985, appellant filed a motion for speedy trial. Under Ind.R.Cr.P. 4(B), the seventy-day period would have expired on March 27, 1985. The trial resulting in appellant's conviction commenced on March 28, 1985. However, intervening was appellant's motion to separate the two counts of robbery which was filed on February 8, 1985, at which time trial had been set for February 11, 1985. Rescheduling of the separate trials resulted in the first trial commencing on March 12, 1985.

Upon the termination of the first trial, the court tried another criminal case which had been pending for sometime. Due to this congestion, it was impossible for the trial court to start appellant's second trial before March 28, 1985, which was one day beyond the seventy-day period required by Ind.R.Cr.P. 4(B).

Appellant cites *Hinds v. State* (1984), Ind.App., 469 N.E.2d 31, for the proposition that the separation of two counts should not be charged to appellant as his delay; however, the *Hinds* case is distinguishable from the case at bar. After Hinds had obtained a separation and one of the cases had been set for trial, he asked for a continuance. The State claimed that such request for a continuance resulted in a delay chargeable to Hinds in both cases. The Court of Appeals held that Hinds' continuance of the severed count did not cause any delay chargeable against him in the other count.

In the case at bar the court moved with dispatch in both counts. Appellant's first trial was well within the time provided. Due to a congested calendar, the trial court was required to commence appellant's second trial one day after the expiration of the seventy-day period. This was in keeping with *Gill v. State* (1977), 267 Ind. 160, 368 N.E.2d 1159. On the one hand the trial court acted with all reasonable dispatch in

this case and on the other hand there is no showing by this record that appellant suffered any harm by such a minimal delay of his trial. We hold the trial court did not err in commencing appellant's second trial on the 28th day of March.

◼ Appellant combines his next two issues, that he was denied a fair trial by a biased judge and that the court erred in denying his motion for a change from the judge. Due to the one-day delay in his second trial, appellant filed a motion for discharge which was denied by the trial court. At the time of the denial, the trial court announced that the trial would start on Saturday and run on Sunday, if necessary, to complete it. On Friday appellant requested a continuance claiming, among other things, that there was a witness he wanted to call who did not want to appear on Saturday due to the demands of his business. The trial court denied the request for the continuance.

After that hearing was adjourned, the trial judge was in his chambers privately conversing with his court commissioner. In referring to appellant's recent maneuvering, the trial judge referred to him by use of a vulgar expletive, stating that appellant wanted a speedy trial and he was going to get one. This comment by the judge was overheard by appellant and his guard who happened to be within hearing distance of the room in which the judge and his commissioner were located. There is no evidence that it was heard by any other person and it certainly was not made in the presence of any of the jurors.

Appellant cites many well-known authorities, including the *Canon of Judicial Ethics*, that judges are to maintain an unbiased and professional demeanor throughout the course of a trial. There is no question that this is true nor is there any doubt that if the trial judge had made such an utterance in open court or within the hearing of members of the jury a new trial would have been in order. However, such was not the case. The judge had every reason to believe his comments to his court commissioner was a private conversation between them. It was not meant to be conveyed to any person other than the commissioner. There is absolutely nothing in the record to indicate the judge demonstrated any bias or prejudice against appellant in or out of the courtroom which was conveyed to the jury. In fact, we see nothing in the judge's comment which would indicate a personal bias or prejudice on his part against appellant.

Trial judges are not produced in test tubes in sterile laboratories. In their younger years many of them have worked in factories, on farms, as truck drivers or have been subjected to military service. In many of these environments young men develop habits of speech, especially when speaking privately to other men, that are unacceptable in polite company and certainly unacceptable by a judge either on the bench or in public. This observation is not meant to be an excuse for such speech habits; however, we would be woefully unrealistic as judges if we did not acknowledge the existence of such human conduct.

In his conversation, the trial judge referred to appellant with an expletive one might commonly hear in an army barracks but would not expect to hear from a trial judge. Upon learning that appellant and his guard had overheard the comment, the trial judge immediately apologized and stated in effect that he had merely used a figure of speech and had not intended the expletive to be taken as a true description of appellant.

The record is replete with actions taken by appellant which would try the patience of any trial judge. His insistent harping about his "rights" would have been irritating in the extreme to any person. There were many times in the courtroom when the trial judge would have been fully justified in chastising appellant severely. Such chastisement, under those circumstances, if done in a gentlemanly manner, would not have resulted in the disqualification of the judge. The mere fact that a judge is required to chastise a defendant in the course of a trial does not give ground for removal of that judge for bias and prejudice.

In the case at bar the judge's comment to his commissioner, absent the vulgar expletive, was no more than an observation of the continual irritating conduct of appellant.

We hold there is nothing in the record to indicate that the trial judge was biased and prejudiced against appellant, nor do we find anything that would require a change of judge.

■ Appellant claims the trial court erred in permitting the recall of State's witness, Brooks Wilson. Wilson, an Indiana State Police Detective, testified at length for the State. When he was originally dismissed as a witness, neither party requested leave to recall him. He was recalled without objection during a hearing on appellant's motion for mistrial.

Later, the State again recalled Wilson to cover questions which the prosecutor had forgotten to ask concerning the condition of appellant's teeth, which was an issue involving his identification. Appellant objected to the recalling of Wilson for this purpose. As appellant notes in his brief, it is largely within the sound discretion of the trial court to determine whether it is permissible to recall a witness. *Scott v. Indiana* (1982), Ind., 434 N.E.2d 86. We see nothing in this record which would indicate that appellant was unduly prejudiced by the recalling of Wilson. We hold the trial court did not err in this respect.

■ Appellant claims the trial court erred in refusing to give his Tendered Instruction No. 1. This instruction covered the question of the identification of appellant by the witnesses. The general substance of this instruction was even more adequately covered by the trial court in its final instruction concerning the credibility of witnesses and the weight to be given to their testimony. Where the subject matter of the Tendered Instruction is covered by other instructions given by the trial court, it is not error to refuse the Tendered Instruction. *Spears v. State* (1980), 272 Ind. 634, 401 N.E.2d 331.

■ Appellant claims his sentence is erroneous in that the standard sentence for the crime of Robbery is ten (10) years and that the trial judge unlawfully enhanced his sentence to the maximum of twenty (20) years on the basis of aggravating circumstances. He bases this claim on the fact that on the separate trial of the first count of the original information he had been acquitted and the trial judge had stated to that jury that in his belief appellant was guilty. He therefore takes the position that the trial judge was acting vindictively when he enhanced the standard penalty on the second charge when the State obtained a conviction.

Under Ind.R.App.R.Sent. 2(2), it is stated "[a] sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed." In the case at bar the trial judge set forth his reasons for enhancing appellant's sentence. He stated that appellant has a criminal history of robbery involving deadly weapons, that appellant was at the time of the offense recently released from "probation or parole", that appellant clearly has a history of criminal activity and that the imposition of a reduced or suspended sentence would depreciate the seriousness of the offense. The trial judge stated that a suspended sentence would be improper for two reasons: 1) because of prior unrelated felony convictions; and 2) because the offense involved the utilization of a deadly weapon. We find the trial judge not only gave adequate reasons for an enhanced sentence but his stated reasons, which were established facts in the case, left him little alternative but to enhance the sentence.

The trial court is in all things affirmed.

All Justices concur.