Willie Anthony NEWMAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 685S247.

Supreme Court of Indiana.

March 27, 1987.

Reginald B. Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following conviction by a jury on one count of attempted robbery, a class B felony, and one count of carrying a handgun without a license, a class A misdemeanor. Appellant was sentenced to 15 years and 1 year respectively, sentences to run concurrently.

There are four issues presented on appeal: (1) whether there was sufficient evidence to support the attempted robbery conviction; (2) whether the trial court erred by allowing into evidence a handgun found on appellant shortly after the crime; (3) whether the trial court erred when it refused to give appellant's final instructions 1 through 3; and (4) whether the trial court erred by sentencing appellant to fifteen years for the attempted robbery conviction.

These are the facts from the record which tend to support the determination of guilt: On April 26, 1984, a man approached Earnest Raglin outside his residence, stuck a gun in his side and demanded entrance to Raglin's house, saying it was a stick-up. Raglin refused and the man then reached in Raglin's pocket and extracted his keys. Raglin grabbed the keys back at which time Raglin's neighbor, Batten, who had observed the encounter from his yard next door, fled around the side of his house and was pursued by the assailant. Raglin called the police and Officer Ralph responded to the call. Raglin and Batten gave the officer a description of the man and he located an individual conforming to that description nearby. The officer testified he observed no other men in the vicinity, other than appellant, matching that description. He stopped appellant and conducted a pat down search since Raglin had reported the man was armed, and found a handgun in appellant's possession. The officer then took appellant to Raglin's house where both Raglin and Batten positively identified him as the assailant.

I

Appellant contends there was insufficient evidence to sustain a conviction of attempted robbery. He asserts there was not sufficient evidence of his intention to commit a robbery.

In reviewing sufficiency claims the "court will not weigh the evidence nor judge the credibility of the witness. Rather, we will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt the judgment must be affirmed." *Bowen v. State* (1985), Ind., 478 N.E.2d 44.

Appellant argues that the conduct described does not show intent to commit robbery but could apply to many crimes and that since Raglin and Batten did not tell the officer upon his arrival that appellant attempted a robbery, there was insufficient evidence on the element of intent.

Robbery occurs where a person knowingly or intentionally takes property from another person or from his presence by using or threatening force or by putting the person in fear, and is a Class B felony if committed while armed with a deadly weapon. *See* I.C. § 35–42–5–1. An attempt occurs where there is culpability and a substantial step toward the commission of the crime. *See* I.C. § 35–41–5–1. *See also Ritchie v. State* (1984), Ind., 468 N.E.2d 1369.

■ In this case, appellant approached Raglin, stuck a gun in his side, demanded entrance to his house, and forceably removed keys from Raglin's pocket. This action is clearly adequate to support the attempted robbery adjudication. Appellant's contention that Raglin and Batten's failure to mention robbery during their initial encounter with the officer shows appellant did not intend to commit robbery is not convincing. Testimony shows the officer arrived within a few minutes following Raglin's call, obtained a brief description of the assailant, and went in pursuit. The fact that the details of the encounter were not related at that time does not indicate no robbery attempt occurred. There was sufficient evidence to support the conviction.

## II

Appellant asserts as error the admission into evidence of the handgun found in appellant's possession by Officer Ralph. He contends the handgun was located as a result of an illegal search and therefore was inadmissible at trial.

■ The police may search a person prior to questioning to remove any weapons the person can use to harm the officer or to effect an escape. *Jones v. State* (1985), Ind., 472 N.E.2d 1255; *Townsend v. State*

(1984), Ind., 460 N.E.2d 139. Officer Ralph testified that:

"As I pulled up and I noticed Mr. Newman matched the description, I looked around and there was some other people in the parking lot, I didn't see any one else matching the description. So I went back to Mr. Newman and about the same time he saw me. When he saw me he sort of looked startled and started to turn around, and started to back up, and I stopped my police car and pointed at him and told him to stop. And I walked over to him. Since I had received a description of him and he matched it fairly well and the complainants had stated that he had a gun so for my own safety I performed a pat-down search of his outer clothing to see if he had a weapon."

■ An officer need not have probable cause to make an arrest in order to justify a warrantless intrusion but must have sufficient facts and reasonable inferences therefrom to warrant the intrusion. *Jones, supra.* Officer Ralph's testimony established that he knew the direction in which the assailant fled, had a description of the man, including race and the clothing he was wearing, and found appellant, who matched the description a few blocks away. Since Officer Ralph was aware the man who accosted Raglin had a gun, he was justified in conducting a pat down search of appellant prior to questioning. The handgun was not the fruit of an illegal search and therefore could not be excluded as evidence on that basis.

## III

Appellant asserts the trial court erred by refusing to give his tendered final instructions 1 through 3. These instructions emphasized the identification of the appellant as the perpetrator and the credibility of the identification witnesses.

"A three-part test is employed to determine whether a trial court has erred in its refusal to give a tendered instruction:

'In considering whether any error results from refusal of a tendered instruction we must determine: (1) whether the ten-

dered instruction correctly states the law, *Gayer v. State* (1965), 247 Ind. 113, 210 N.E.2d 852; (2) whether there is evidence in the record to support the giving of the instruction, *Wathen v. State* (1965), 246 Ind. 245, 204 N.E.2d 526; (3) whether the substance of the tendered instruction is covered by other instructions which are given, *Hash v. State* (1972), 258 Ind. 692, 284 N.E.2d 770.' "

*Richey v. State* (1981), Ind., 426 N.E.2d 389.

 The substance of appellant's tendered instructions was covered by the court's other instructions. These included reasonable doubt, the elements of the crime, and the credibility of the witnesses. The trial judge did not err in refusing to give the tendered instructions. The issue of identification was only raised on cross examination of the eye witnesses and the police officer. No alibi defense was offered and emphasis on a single element of the crime need not be included in the instruction to the jury. The special focus of these instructions would be more appropriately addressed in final argument.

### IV

Lastly, appellant contends the trial court abused its discretion in sentencing appellant to 15 years, 5 years greater than the presumptive sentence. His contention is (1) that there was little, if any, evidence proving that appellant was involved as the perpetrator of the crime, and (2) that the court did not consider appellant's age of 41 to be a mitigating circumstance.

Rule 2 of the Indiana Rules for the Appellate Review of Sentences provides:

#### Scope of Review

(1) The reviewing court will not revise a sentence authorized by statute except where such sentence in manifestly unreasonable in light of the nature of the offense and the character of the offender.

(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed.

 Appellant's first contention goes to the sufficiency of the evidence and has been resolved. His second contention does persuade us. Appellant's age should have been accorded some dampening influence upon the extent of punishment. The trial judge found appellant's prior criminal record and numerous arrests for crimes of violence to be an aggravating factor but did not consider his age as a mitigating factor. Irrespective of our agreement with appellant's position regarding age, the sentence is appropriate.

The conviction is affirmed.

GIVAN, DICKSON, JJ., concur.

SHEPARD, C.J., and PIVARNIK, J. concur in result.