**Laschan FRIESON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 82S00–8803–CR–305.**

Supreme Court of Indiana.

July 31, 1989.

Dennis Brinkmeyer, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Theft, a Class D felony, for which he received a sentence of three (3) years enhanced by twenty (20) years by reason of the jury's finding that he was an habitual offender.

The facts are: On April 4, 1987, appellant was in the Hills Department Store in Evansville. He was observed by floorwalker Ron Kriegshouser taking a black box containing a HiTech brand car stereo and leaving the store through an unoccupied cash register line.

Kriegshouser alerted fellow floorwalker Harry Hall and Steven Jenkins, the loss prevention manager. After checking with the cashiers to determine that appellant had not paid for the item, the men pursued appellant into the parking lot.

They saw him approach a car and put the box in the back seat. A woman then entered the car and left the parking lot, leaving appellant behind. Appellant fled to a nearby Dairy Queen. Jenkins immediately confronted appellant, telling him what he had just been observed doing. Appellant replied he had been in the store, but he denied having taken any object from the store. Appellant was apprehended by local police officers who had been alerted by the store's employees.

Appellant then was returned to the store where he was identified by cashier Susan Glass. When he was apprehended, appellant gave the name Tony Johnson and gave two different social security numbers.

At a lineup conducted later, Susan Glass failed to identify appellant. Floorwalker Kriegshouser, however, did identify him as the person he saw removing the stereo from the store.

Appellant contends the trial court erred in refusing to give his instruction concerning identification of the perpetrator of the crime. Appellant's instruction was quite long and detailed concerning the attention the jury should give to the identification witnesses. In reviewing the refusal to give an instruction, this Court will determine whether it is a correct statement of the law, is supported by the evidence, and is not covered by other given instructions. *Baggett v. State* (1987), Ind., 514 N.E.2d 1244.

This Court has repeatedly stated that instructions specifically aimed at identification witnesses need not be given as long as general instructions on competency of witnesses and the weight of their testimony are given. *Newman v. State* (1987), Ind., 505 N.E.2d 442; *Clark v. State* (1986), Ind., 498 N.E.2d 918; *Flynn v. State* (1986), Ind., 494 N.E.2d 312; *Brown v. State* (1984), Ind., 468 N.E.2d 841.

An examination of the instructions given by the trial judge discloses that he thoroughly instructed the jury concerning

their evaluation of the testimony of witnesses and their ability to observe the matters to which they testified. In view of the instructions given by the trial court and the fact that appellant's tendered instruction called undue attention to specific witnesses, we find the trial court did not err in refusing to give such instruction.

■ Appellant claims the trial court erred in permitting evidence as to his remarks immediately after he exited the Dairy Queen. He bases his claim on the fact that police officers had not yet read *Miranda* warnings to him when he made his statement. The only statements made to appellant were those made by Jenkins who did not in fact question appellant but simply recited to him what he had been observed doing. Appellant's only comment in reply was that he was in the store, but he did not take anything.

We first would observe that under the circumstances *Miranda* warnings were inapplicable. *Bowman v. State* (1984), Ind. App., 468 N.E.2d 1064. In the second place, we would observe that appellant's statement hardly could be considered to be incriminating. For either reason, we find no reversible error in the trial court permitting the statement to go before the jury.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result with separate opinion.

DeBRULER, Justice, concurring in result.

I agree with the majority opinion wherein it concludes that the statements of appellant to the store security guard were not inadmissible because not preceded by an advisement of rights and a valid waiver of rights as required by the case of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, this conclusion follows, not because there was no conduct amounting to interrogation, and not because appellant's oral response to the interrogation was not incriminating. It is instead a proper conclusion for the sole

reason that there was no "custody" as contemplated by *Miranda*. *Bowman v. State* (1984), Ind.App., 468 N.E.2d 1064. The security guard was not a police officer or acting as an agent of the police when following appellant from the store and confronting him; therefore, any restriction of movement resulting from the confrontation was not officially sanctioned, and there was no custody by government agents.