**Leonard BURDINE, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–9306–CR–00215.

Court of Appeals of Indiana,
Third District.

Feb. 14, 1995.

Transfer Denied July 3, 1995.

Michael A. Dvorak, Hahn, Walz, Knepp, Dvorak and Higgins, South Bend, for appellant.

Pamela Carter, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Leonard Burdine appeals his convictions for two counts of attempted criminal confinement, Class C felonies. Burdine was sentenced to concurrent six-year terms of imprisonment. His sentence was enhanced by 20 years because he was found to be an habitual offender. The evidence relevant to the appeal is recited below.

On August 8, 1992, 12–year–old A.K. crossed the street from her home to use a coin-operated telephone. A.K. spoke to M.Y., a 12–year–old neighbor, who was on her way to a filling station convenience store. While talking to her aunt on the telephone, A.K. saw Burdine walking near her and staring. Burdine then grabbed A.K. from behind. He placed his arm around her neck and forced her across the street. A.K. screamed for her mother, A.S. A.S. ran from her apartment and yelled for Burdine to release her daughter. Burdine complied and walked toward an alley.

A.S. immediately called police from a coin-operated telephone. M.Y. noticed A.S. on the telephone as she was riding her bicycle back from the filling station. As she continued riding toward her home, she saw Burdine who had whistled at her earlier. As M.Y. passed by him, Burdine grabbed her shirt. M.Y. accelerated and freed herself from Burdine's grasp. Burdine chased M.Y. for a short distance. When M.Y. screamed for her mother, Burdine broke off the chase and ran to a vacant house. As Burdine stood near the vacant house, he continued to stare at M.Y. He left when M.Y.'s mother came outside.

Both A.K. and M.Y. described Burdine as having a "curl" and wearing shorts. A short time later Burdine was apprehended by police. He had been running but stopped in the middle of the street when the police car with flashing lights approached. An officer described Burdine as wearing shorts and having a "curl" or "wave" in his hair.

After his arrest, the girls and their mothers were allowed to view Burdine. Both girls and A.S. identified Burdine as the assailant.

After a trial by jury, Burdine was convicted as noted above. This appeal ensued.

On appeal Burdine raises three issues for review. As restated, the issues are:

(1) whether the trial court erred in refusing Burdine's tendered instruction regarding eyewitness identification testimony;

(2) whether sufficient evidence supports the convictions; and

(3) whether trial counsel effectively represented Burdine.

First, Burdine contends that the trial court erred in refusing his tendered instruction which would have advised the jury that special consideration should be given to eyewitness identification testimony. The tendered instruction stated:

"The reliability of eyewitness identification has been raised as an issue in this case and deserves your attention. Identification testimony is an expression of belief or impression by the witness. Its value depends upon the opportunity the witness had to observe the offender at the time of the offense and later to make a reliable identification, and upon the influences and circumstances under which the witness made the identification.

You must consider the credibility of each identification witness in the same way as any other witness. Consider whether he is truthful, and consider whether he had the capacity and opportunity to make a reliable observation on the matter covered in his testimony.

The government has the burden of proving beyond a reasonable doubt that the

defendant was the person who committed the crime."

The trial court's preliminary and final instructions contained the following instruction:

"You are the exclusive judges of the evidence, the credibility of the witnesses and the weight to be given to the testimony of each of them. In considering the testimony of any witness, you may take into account his or her ability and opportunity to observe; the manner and conduct of the witness while testifying; any interest, bias, or prejudice the witness may have; any relationship with other witnesses or interested parties; and the reasonableness of the testimony of the witness considered in the light of all of the evidence in this case.

You should attempt to fit the evidence to the presumption that the defendant is innocent and the theory that every witness is telling the truth. You should not disregard the testimony of any witness without a reason and without careful consideration. If you find conflicting testimony you must determine which of the witnesses you will believe and which of them you will disbelieve.

In weighing the testimony to determine what or whom you will believe, you should use your own knowledge, experience and common sense gained from day to day living. The number of witnesses who testify to a particular fact, or the quantity of evidence on a particular point need not control your determination of the truth. You should give the greatest weight to that evidence which convinces you most strongly of its truthfulness."

■ When reviewing the refusal of a tendered instruction, the Court must determine whether the tendered instruction correctly stated the law, whether the evidence supports the giving of the instruction, and whether the substance of the tendered instruction is covered by other instructions given. *Stahl v. State* (1993), Ind., 616 N.E.2d 9, 11. Instructions specifically aimed at the credibility of identification witnesses need not be given as long as general instructions on competency of witnesses and the weight of their testimony are given. *Frieson v.*

*State* (1989), Ind., 541 N.E.2d 919, 920. The court in *Frieson* stated:

"An examination of the instructions given by the trial judge discloses that he thoroughly instructed the jury concerning [its] evaluation of the testimony of witnesses and their ability to observe the matters to which they testified. In view of the instructions given by the trial court and the fact that appellant's tendered instruction called undue attention to specific witnesses, we find the trial court did not err in refusing to give such instruction."

*Id.* at 920–921.

Here, the court's instruction properly advised the jury on assessing the credibility of witnesses. Further, the court's instruction did not place undue attention on the testimony of specific witnesses as does the instruction tendered by Burdine. The trial court properly refused Burdine's instruction.

■ Next, Burdine contends that the evidence is not sufficient to support his conviction as to M.Y. Criminal confinement is defined as:

"A person who knowingly or intentionally:

(1) confines another person without the other person's consent; or

(2) removes another person, by fraud, enticement, force, or threat of force, from one (1) place to another;

commits criminal confinement, a Class D felony. However, the offense is a Class C felony if the other person is less than fourteen (14) years of age and is not the person's child...."

IND.CODE § 35–42–3–3 (1989 Supp.). A person "attempts" a crime when engaging in conduct that constitutes a substantial step toward commission of a crime, acting with the same degree of culpability required to commit the crime. IND.CODE § 35–41–5–1 (1988); *Moore v. State* (1991), Ind.App., 569 N.E.2d 695, 701. The determination of what constitutes a "substantial step" is a question for the jury, to be decided according to the particular facts and circumstances of each case. *Moore,* 569 N.E.2d at 701. Courts reviewing questions pertaining to the sufficiency of the evidence do not weigh the evi-

dence nor judge the credibility of witnesses and may consider only that evidence most favorable to the verdict, together with all reasonable inferences drawn therefrom. *Marshall v. State* (1993), Ind., 621 N.E.2d 308, 320.

Here, Burdine argues that grabbing and holding M.Y.'s shirt, chasing after her and then watching her do not constitute substantial steps toward the act of criminal confinement. The jury could properly infer from the circumstances that Burdine took substantial steps toward confining M.Y. and that her escape was through her efforts, not because Burdine failed to take the steps to confine her as he suggests. *See Moore,* 569 N.E.2d at 701 (evidence that defendant ran toward victim's car with knife and struck window before victim drove away, coupled with testimony that defendant stated that he had tried to "get" a different person prior to abducting and raping a victim, sufficient to sustain attempted criminal confinement conviction). The evidence is sufficient to sustain the conviction as to M.Y.

■ Finally, Burdine contends that he was ineffectively represented by trial counsel. A successful claim of ineffective assistance of counsel requires a showing that trial counsel's performance was deficient under prevailing professional norms and that the deficient performance was so prejudicial to the defendant's case that he was denied a fair trial. *Marshall,* 621 N.E.2d at 321. Denial of a fair trial occurs when a conviction results from a breakdown in the adversarial process which renders the result unreliable and undermines confidence in the result. *Id.*

■ Burdine contends that trial counsel erred in failing to object to identification evidence because the victims and A.S. identified him in a one-on-one show-up and according to Burdine, no independent basis for their in-court identification of him exists. While one-on-one confrontations are inherently suggestive, they are not *per se* improper. *Olson v. State* (1990), Ind., 563 N.E.2d 565, 571. Whether a particular show-up is unduly suggestive must be determined considering the length of the initial observation of the defendant by the person identifying him, the lighting conditions, the distance be-

tween the witness and the defendant, the witness's capacity for observation and level of certainty, the discrepancies between the witness's initial and actual description, and any identifications of other persons. *Id.* Even if a show-up identification is determined to be unduly suggestive, that alone would not require exclusion of the evidence if the identification was reliable under the totality of the circumstances. *Stroud v. State* (1992), Ind. App., 587 N.E.2d 1335, 1338.

Here, direct examination of the identification witnesses disclosed that the witnesses had an opportunity to view Burdine in the light from close proximity, that the witnesses all gave very similar initial identifications of Burdine which matched his description during the show-up, and that none made identifications of others. Further, trial counsel vigorously cross-examined the witnesses regarding their identifications of Burdine. Trial counsel was not ineffective for failing to object to the identification testimony for which extensive foundational testimony existed.

■ Burdine also complains that trial counsel was ineffective for failing to tender instructions on lesser included offenses. Specifically, Burdine contends that the actions described by the witnesses constituted attempted battery.

■ When error in the rejection of lesser included offense instructions is urged, the court on review must analyze the statutes and the charging document to determine whether the lesser offense is inherently or factually included in the greater offense. *Simpson v. State* (1994), Ind.App., 628 N.E.2d 1215, 1220–1221. The inquiry then focuses on whether the evidence offered at trial established that the lesser offense was committed but the greater offense was not. *Id.* at 1221. Resolution of the second question turns upon a determination whether a serious evidentiary dispute exists respecting the element which distinguishes the greater and lesser offenses. *Id.*

Burdine urges that as to M.Y., the facts indicate that the jury should have been instructed on a lesser included offense of attempted battery. Burdine is mistaken. In-

asmuch as the evidence indicated that he grabbed M.Y.'s clothing, any incidental touching was an actual battery. Battery is the knowing or intentional touching of another person in a rude, insolent or angry manner. IND. CODE § 35-42-2-1. Even assuming that battery could be a lesser included offense, in the present case the State presented ample evidence that the greater offense of attempted confinement was committed as to both A.K. and M.Y.

 Further, Burdine's defenses of voluntary intoxication and misidentification would not support the giving of an instruction on lesser included offenses. Burdine's defenses did not present a serious evidentiary dispute as to whether he merely touched M.Y. or grabbed her in an effort to confine her. *See Simpson*, 628 N.E.2d at 1221 (defense of no participation in crime did not support lesser included offense instruction). Trial counsel was not ineffective for failing to tender instructions on lesser included offenses.

There being no finding of error, the judgments of conviction are affirmed.

Affirmed.

CHEZEM, J., concurs.

STATON, J., concurs and files separate opinion.

STATON, Judge.

Our supreme court has rejected federal law regarding jury instructions aimed at the credibility of eyewitness identification testimony.[1] *Brown v. State* (1984), Ind., 468 N.E.2d 841, 843. However, since *Brown* was decided in 1984, our supreme court has increasingly adopted federal law as it applies to procedural and evidentiary issues. *See, e.g., Lannan v. State* (1992), Ind., 600 N.E.2d 1334, 1339 (adopting Federal Rule of Evidence 404(b)); *Modesitt v. State* (1991), Ind., 578 N.E.2d 649, 653-654 (adopting Federal Rule of Evidence 801(d)(1)). This trend cumulated in the 1993 adoption of the Indiana

Rules of Evidence, patterned after the federal counterpart.

Consistent with this trend, I believe that adopting federal caselaw requiring the court to instruct the jury about eyewitness identification testimony is appropriate in the case at bar. The only evidence in the record linking Burdine to the crimes at issue is the identification testimony of A.K., A.S. and M.Y. The instruction given contained only thirteen words relating to eyewitness testimony. Slip op. at 4 ("you may take into account his or her ability and opportunity to observe ..."). Under such circumstances, a more specific jury instruction discussing the credibility of eyewitness testimony is warranted.

However, because this court is bound by prior decisions of our supreme court, I must concur in the opinion of the Majority.

---

1. Specifically, the Seventh Circuit Court of Appeals has expressly stated that "[i]n cases where witness identification is an issue, the trial judge must, at the defendant's request, instruct the jury about eyewitness identification testimony." *United States v. Anderson* (1984), 7th Cir., 739 F.2d 1254, 1258.