**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 25 2014, 10:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PAUL J. PODLEJSKI**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN A. GALL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1309-CR-769 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48D03-0203-FA-95

**June 25, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

John A. Gall appeals the revocation of his probation. He asserts the evidence was insufficient to support finding he violated probation and he was deprived of due process at the evidentiary hearing. We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 6, 2002, a jury found Gall guilty of Class A misdemeanor dangerous possession of a firearm,[1] Class A felony attempted murder,[2] and two counts of Class D felony criminal recklessness.[3] The court sentenced Gall to thirty years imprisonment, but after a hearing on January 23, 2013, the court ordered Gall to serve the remainder of his sentence on probation.

On July 16, 2013, the State filed a Notice of Violation of Probation that alleged Gall failed to behave well in society as demonstrated by acts that resulted in charges of two counts of Class C felony attempted criminal confinement[4] and violation of a custody order of a person under the age of 14.[5] The court set a hearing for August, but Gall requested a continuance and the court reset the hearing for August 12.

At the evidentiary hearing, Gall's attorney stated he received the notice of probation violation that morning but he had not yet received discovery. The record does not reflect the State had any discovery at that time. The State indicated it intended to file an amended probation violation notice to add allegations of arson and intimidation, and it asked for a two-

---

[1] Ind. Code § 35-47-10-5.
[2] Ind. Code § 35-41-5-1.
[3] Ind. Code § 35-42-2-2.
[4] Ind. Code § 35-41-5-1 (attempt); Ind. Code § 35-42-3-3 (confinement).
[5] Ind. Code § 35-42-3-4.

week continuance. The court did not grant a continuance and asked the State to bring its witness.

The State called Detective Rachel Lee of the Clark County Sheriff's Department, who testified that she received a complaint from Ashley Coop, the mother of Gall's two-year-old daughter. Coop alleged Gall and a female arrived at her residence and presented a document that demanded emergency guardianship of their daughter. The document was a falsified temporary guardianship order. Lee also testified about an arson with which Gall was believed to have been involved. Lee testified she had an order for Gall's arrest for forgery and attempted criminal confinement.

The trial court found the State proved by a preponderance of the evidence that Gall perpetrated fraud and failed to behave well in society by attempting to commit criminal confinement. The court revoked Gall's probation and ordered him to serve his remaining sentence in the Department of Correction.

## DISCUSSION AND DECISION

### 1.    Sufficiency of Evidence

There was sufficient evidence Gall violated the terms of his probation by attempting to commit criminal confinement. Probation revocation proceedings are civil in nature and the State needs to prove a violation by only a preponderance of the evidence. Ind. Code § 35-38-2-3(e); *Thornton v. State*, 792 N.E.2d 94, 96 (Ind. Ct. App. 2003). When reviewing a revocation, we consider only the evidence most favorable to the judgment without assessing the credibility of witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We review

3

the revocation for an abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*.

If a person on probation commits another crime, probation may be revoked. Ind. Code § 35-38-2-1(b). The State need not demonstrate the probationer was convicted of the new crime. *Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). The State must demonstrate the commission of that new crime by only a preponderance of the evidence. *Heaton v. State*, 984 N.E.2d 614, 617 (Ind. 2013).

The State alleged Gall violated his probation by failing to behave well in society because he attempted to criminally confine a child. "A person who knowingly or intentionally: . . . removes another person, by fraud, enticement, force, or threat of force, from one (1) place to another . . ." commits criminal confinement. Ind. Code § 35-42-3-3. A person "attempts" a crime by engaging in conduct that constitutes a substantial step toward commission of the crime. Ind. Code § 35-41-5-1. What constitutes a "substantial step" is a question for the fact finder, and we will not reweigh the evidence. *Burdine v. State*, 646 N.E.2d 696, 699-700 (Ind. Ct. App. 1995), *trans. denied*.

Gall arrived at Coop's residence with a falsified document demanding guardianship over his daughter. A fact finder could infer that arriving at Coop's residence, and presenting the falsified document were steps toward removing Gall's daughter by fraud. *See* Ind. Code § 35-42-3-3. The State demonstrated by a preponderance of the evidence that Gall attempted to commit criminal confinement.

2.       Due Process at the Evidentiary Hearing

Gall asserts the revocation proceedings did not satisfy his right to due process.  The Due Process Clause of the Fourteenth Amendment places procedural and substantive limits on the revocation of the conditional liberty created by probation.  *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008).  The minimum requirements of procedural due process in probation revocation include: (1) written notice of the claimed violations of probation, (2) disclosure to the probationer of the evidence against him, (3) the opportunity to be heard in person and to present witnesses, (4) the right to a neutral and detached hearing body, and (5) a written statement by the fact finder as to the evidence relied on and reasons for revoking probation.  *Washington v. State*, 758 N.E.2d 1014, 1017 (Ind. Ct. App. 2001).  Gall claims he did not have notice of the violation, access to the evidence against him, a neutral and detached hearing body, or a written statement of the evidence relied on.

The court found Gall perpetrated fraud and failed to behave well in society by attempting to commit criminal confinement, and Gall alleges he did not receive notice of "violations for . . . fraud, or any attempt to commit fraud." (Appellant's Br. at 8.)  However, the Notice of Violation of Probation stated Gall's violation was: "Failure to behave well in society, to wit: On/about 06/18/13, [Gall] took substantial steps towards commission of the new criminal offense of Attempted Criminal Confinement." (App. at 1.)  Fraud is an element of criminal confinement.  *See* Ind. Code § 35-42-3-3.  Therefore, Gall had notice the alleged probation violation included fraud.

Gall asserts the evidence against him was not disclosed prior to the evidentiary

5

hearing. Between the filing of the Notice of Probation Violation and the evidentiary hearing, neither Gall nor his attorney made discovery requests. At the initial hearing, Gall stated he understood the charges against him. He knew the detective on the case because he contacted the detective about filing a report. The only evidence the State had was the falsified document that Gall delivered to Coop's door. Gall's attorney did not object to this document being admitted as evidence, and he was able to cross-examine the detective. As Gall was aware of the evidence against him, he was not deprived of due process. *See* Ind. Code § 35-38-2-3(f) (stating evidence must be presented in open court).

Gall also asserts the judge who ruled on his revocation was not neutral and detached because the judge stated he did not need to be reminded of Gall's prior offenses when determining whether to revoke Gall's probation. We presume a judge is not biased or prejudiced in the matters that come before the court. *Flowers v. State*, 738 N.E.2d 1051, 1060 (Ind. 2000), *reh'g denied*. A judgment will not be reversed unless the record shows actual bias against the defendant that prejudiced his case. *Id.* at 1061. We decline to infer bias from the mere fact that a judge remembered a probationer's prior offenses. Gall has not established prejudicial bias. *See Washington,* 758 N.E.2d at 1018 (finding no deprivation of a neutral and detached fact finder when the court made comments during revocation of probation proceedings about defendant's substance abuse).

Finally, Gall notes his probation was revoked because he "perpetrated a fraud and failed to behave well in society," (App. at 10), and he claims this does not satisfy the requirement he receive written notice of the claimed violations of probation. The

6

requirement that a probationer receive written notice of the evidence relied on can be satisfied by placement of the transcript of the evidentiary hearing in the record, if the transcript contains a clear statement of the trial court's reasons for revoking probation. *Crump v. State*, 740 N.E.2d 564, 568-69 (Ind. Ct. App. 2000), *trans. denied*. Here, the transcript contains the statement: "[Gall has] attempted to perpetrate a fraud in regards to an alleged court document . . . which is false on its face." (Tr. at 33.) Because Gall received notice of the evidence relied on, he has not demonstrated error.

As all of Gall's arguments fail, he has not demonstrated a violation of his right to due process in the revocation proceedings.

## CONCLUSION

As the evidence demonstrated Gall attempted criminal confinement and his due process rights were satisfied, we find no abuse of discretion in the probation revocation. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.

7